UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARANDELL CORPORATION,

    Plaintiff,

  v.                                                              Case No. 06-C-1100

PAPO d'ANJO GROUP, INC.
and MARTIN McCLANAN,

    Defendants.

**ORDER ON MOTION TO REMAND**

**I. BACKGROUND**

On August 22, 2006, the plaintiff, Arandell Corporation ("Arandell"), filed a complaint in the Circuit Court of Waukesha County naming Papo d'Anjo Group, Inc. ("Papo d'Anjo") and Martin McClanan ("McClanan") as the defendants. The complaint contains two identical claims for breach of contract, one against Papo d'Anjo and one against McClanan. Each claim seeks $11,453.00 plus lost profits, interest, and all accrued and accruing attorney's fees, costs, expenses, and disbursements incurred, before or after entry of Judgment in the case. The claim arises from a contract under which Arandell was to produce a catalog for Papo d'Anjo, a retailer of baby and children's clothing.

On October 23, 2006, Papo d'Anjo filed its Notice of Removal of the action pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and an amount in controversy exceeding $75,000.

All parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73.1 (E.D. Wis.). Currently pending before the court is Arandell's motion to remand,

which is now fully briefed and ready for resolution. For the reasons which follow, Arandell's motion to remand will be granted.

## II. DISCUSSION

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446 outlines the procedure for removal, and states in subpart (b) that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ."

This case was removed from state court based on diversity jurisdiction as provided in 28 U.S.C. § 1332. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000" and the "parties are citizens of different states." 28 U.S.C. § 1332. It is well settled that "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 534 U.S. 381, 388 (1998).

The party invoking federal jurisdiction bears the burden of proving the facts required to establish jurisdiction. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). This burden requires "proof to a reasonable probability that jurisdiction exists." *Gould v. Artisoft*, 1 F.3d 544, 547 (7th Cir. 1993) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

2

Title 28 U.S.C. § 1447(c) permits a party to move for remand "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." *Id.* The removal statute "should be construed narrowly and against removal." *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

All of the parties agree that the parties are citizens of different states. However, Arandell contends that the monetary damages sought in the complaint do not satisfy the $75,000 amount in controversy requirement. Specifically, Arandell argues that its monetary damages are only $11,453.00 plus lost profits, and that the lost profits do not exceed $63,500.00. As such, Arandell contends that its complaint could not have been filed in federal district court as an initial matter, and cannot properly be removed under 28 U.S.C. § 1441.

In response, Papo d'Anjo contends that Arandell's state court complaint is silent as to the actual amount of Arandell's complete claim, and that when adding Arandell's claims for monetary damages, attorney's fees, cost, and lost profits, as well as the value of clothing and property belonging to Papo d'Anjo that was unreasonably retained by Arandell, the amount in controversy exceeds the $75,000 minimum. Moreover, Papo d'Anjo notes that it has counterclaimed for in excess of $200,000 for lost revenues and other damages as a result of Arandell's conduct.

The court finds that Papo d'Anjo has failed to meet the burden of providing proof to a reasonable probability that jurisdiction exists. Specifically, Papo d'Anjo has failed to offer sufficient proof that Arandell is seeking in excess of $75,000 in monetary damages.

As an initial matter, the amount of money sought in Papo d'Anjo's counterclaim is immaterial to the issue of whether the $75,000 minimum is met. "Generally, a case may be removed only if 'the

3

suit--as the plaintiff framed or could easily have framed it in the complaint--would have been within the district court's original jurisdiction at the time of the removal.'" *Shannon v. Shannon*, 965 F.2d 542 , 545 (7th Cir. 1992) (quoting *Federal Deposit Insurance Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986). As such, the issue is whether the suit as framed by Arandell satisfies the $75,000 amount in controversy requirement. The amount at issue in Papo d'Anjo's counterclaim, including the value of clothing and property belonging to Papo d'Anjo that was allegedly retained by Arandell, does not influence the amount in controversy for purposes of determining whether an action was properly removed based on diversity jurisdiction.

Moreover, interest, attorney's fees, and costs of suit are not included when determining the amount in controversy. Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Therefore, jurisdiction is proper if Arandell is claiming more than $75,000 in monetary damages and lost profits. "Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993). Based on Arandell's complaint, there exists doubt that the claim exceeds $75,000. Arandell has claimed monetary damages of $11,453.00, and in its brief, Arandell affirmatively represents that its lost profits do not exceed $63,500.00. Papo d'Anjo has the burden of establishing the basis for jurisdiction, but has provided no proof that Arandell is seeking over $63,500.00 in lost profits. Given that the removal statute "should be construed narrowly and against removal," the plaintiff's motion to remand will be granted.

Arandell also seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A showing of bad faith is not needed for an award of attorney's fees under 28 U.S.C. § 1447(c), although bad faith is a factor the court may still consider in the imposition of sanctions. *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1998). The decision as to whether to award costs is within the discretion of the court.

The court declines to award costs or attorney's fees in this case. There is no evidence of bad faith on the part of Papo d'Anjo in removing the case, as it appears to be based on the ambiguity of the amount claimed by Arandell and the existence of a large counterclaim. To be sure, the majority of courts hold that a counterclaim cannot be considered in determining the amount in controversy. *See, e.g., Software Dev. Sys., Inc. v. Sharma*, 1999 U.S. Dist. LEXIS 8311, *5 (N.D. Ill. 1999). However, there are a minority of courts in other jurisdictions which hold otherwise. *See Swallow & Assocs. v. Henry Molded Prods., Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992).

**NOW THEREFORE IT IS ORDERED** the plaintiff's motion to remand be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and hereby is **REMANDED** to the Circuit Court of Waukesha County.

**SO ORDERED** this 4th day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

5